UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
DENNIS GORDAN, ET AL.,           )
     Plaintiffs,                 )
                                 )
                                 )    C.A. 13-cv-30184-MAP
MASS. MUTUAL LIFE INSURANCE      )
CO., ET AL.,                     )
     Defendants.                 )
```

ORDER REGARDING DEFENDANTS'
MOTION TO DISMISS
AND ORDER OF STAY
(Dkt. No. 20)

March 30, 2015

PONSOR, U.S.D.J.

On November 5, 2013, Plaintiffs, current and former MassMutual Thrift Plan ("Plan") participants, brought this ERISA lawsuit on behalf of themselves and a class of similarly situated persons. On January 14, 2014, Defendants -- MassMutual, three current or past CEO's, the Plan's Investment Fiduciary Committee, the Plan Administrative Committee, and eight named individuals, as well as twenty John Does -- filed a Motion to Dismiss (Dkt. No. 20). The motion, among other bases, invoked the applicable statutes of limitations. The limitations arguments themselves relied upon an analysis of when the alleged wrongdoing occurred. Plaintiffs' counsel, of course, vigorously opposed the motion to dismiss, which was argued on October 8, 2014.

Six days prior to argument, on October 2, 2014, the

Supreme Court granted certiorari in a case called <u>Tibble v. Edison International</u>, 729 F.3d 1110 (9th Cir. 2013), <u>cert. granted</u>, 135 S.Ct. 43 (2014) (No. 13-550), in which the Ninth Circuit found plaintiff's claims barred under a six-year limitations period..  The question upon which the Supreme Court granted certiorari was:

> Whether a claim that ERISA plan fiduciaries breached their duty of prudence by offering higher-cost retail-class mutual funds to plan participants, even though identical lower-cost institution-class mutual funds were available, is barred by 29 U.S.C. § 1113(1) when fiduciaries initially chose the higher-cost mutual funds as plan investments more than six years before the claim was filed.

135 S.Ct. 43.

The Supreme Court's ruling on the question raised in <u>Tibble</u>, while it may not answer all questions raised by Defendants' motion to dismiss, will without doubt substantially affect this court's analysis of the parties' core arguments.

The Supreme Court heard argument on the <u>Tibble</u> case in late February of this year.  During the argument, counsel for the Appellee appeared to concede that the Ninth Circuit's decision in <u>Tibble</u> was subject to reversal.  <u>See</u> Ronald Mann, "Argument analysis: Employer all  but concedes in dispute about ERISA monitoring," <u>SCOTUSblog</u>, (Feb. 26, 2015, 10:05 AM), http://scotusblog.com.  Based on this,

observers predict that the Supreme Court will reverse <u>Tibble</u> and other cases taking the same approach.  Of course, predictions can be wrong.  In light of the uncertainty of the law, and the relative imminence of a Supreme Court decision clarifying it, it would be rash and, very probably, a waste of both the court's and counsel's time to address the issues raised in Defendants' motion to dismiss without guidance from the Supreme Court first.

Based upon this, Defendants' Motion to Dismiss (Dkt. No. 20) is hereby DENIED, without prejudice.  This case is ordered STAYED pending issuance of the Supreme Court's decision in <u>Tibble</u>.

Defendants may file a renewed motion to dismiss within thirty days of the Supreme Court's <u>Tibble</u> ruling, including an analysis of the impact of that decision.  Plaintiffs may file their opposition within thirty days following Defendants' renewed motion.  Defendants may file a reply within fifteen days thereafter, and Plaintiffs may file their own sur-reply fifteen days later.  Once the court has this additional briefing, the matter will be set for argument or addressed on the papers.

If the <u>Tibble</u> decision renders any motion to dismiss futile, counsel should within thirty days inform the court that Defendants will not be filing a renewed motion, and the

case will be referred to the Magistrate Judge for a pretrial scheduling conference.

It is So Ordered.

                        /s/ Michael A. Ponsor
                        MICHAEL A. PONSOR
                        U. S. District Judge