UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS GORDAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE CO., et al.,<br><br>    Defendants. | Case No. 13-CV-30184-MAP |

**MEMORANDUM IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF
SETTLEMENT CLASS AND MOTION FOR APPOINTMENT OF
SCHLICHTER, BOGARD & DENTON AS CLASS COUNSEL**

Plaintiffs Dennis Gordan, John Hine, Donna Flieger, Patricia Hurley, Ronald Lindner, Janice Reynolds, and Sharon Jewell, acting in their representative capacity on behalf of the MassMutual Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan (collectively the "Plans"), bring this action under the Employee Retirement Income Security Act (ERISA) to recover all losses to the Plans resulting from Defendants' breaches of fiduciary duties, to restore to the Plans any profits made through Defendants' use of Plan assets, and to obtain such other equitable or remedial relief for the Plans. Doc. 1 ¶¶1, 13–14, 25, 105–08; 29 U.S.C. §1132(a)(2) and (3); 29 U.S.C. §1109(a).[1] ERISA's fiduciary

---

[1] As set forth in the settlement agreement, the parties conducted discovery, negotiated and resolved claims related to the MassMutual Thrift Plan, as well as a similar defined contribution plan, the Massachusetts Mutual Life Insurance Company Agent Pension Plan. The Agent Pension Plan is also sponsored by Massachusetts Life Insurance Company and administered by the same fiduciary defendants.

obligations are "the highest known to the law." *Donovan v. Bierwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982). A fiduciary who breaches her fiduciary duties shall be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits" made through the use of plan assets, and such "other equitable or remedial relief as the court may deem appropriate". 29 U.S.C. §1109(a). In order to enforce these plan remedies, ERISA authorizes *any* plan participant to bring a civil action on behalf of the plan "for appropriate relief under §1109 of this title[.]" 29 U.S.C. §1132(a)(2). Similarly, *any* plan participant may bring a civil action "to enjoin any act or practice which violates [ERISA] or the terms of the plan, or to obtain other equitable relief to redress such violations or enforce any provisions of [ERISA] or the terms of the plan[.]" 29 U.S.C. §1132(a)(3).

To act effectively in their representative capacity, protect the interests of the other Plan participants, and avoid the conflicts of several independent actions by participants over the same alleged breaches of fiduciary duty, Plaintiffs seek to have their action certified as a class action under Federal Rule of Civil Procedure 23(b)(1). As a condition of the settlement and for purposes of facilitating that settlement, Defendants do not oppose certification of the settlement class proposed herein.[2] For the reasons stated herein, the Court should grant class certification.

---

[2] Defendants' non-opposition to this motion is not a concession that class certification is otherwise appropriate for purposes of litigating the claims in this action.

I.   **Plaintiffs' claims for breach of fiduciary duties**

Plaintiffs are current and former participants in the MassMutual Thrift Plan. Doc. 1 ¶¶1, 18–24.[3] From November 5, 2007 to date, the MassMutual Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan were administered by MassMutual's Plan Administrative Committee and the plan investments managed by MassMutual's Investment Fiduciary Committee.[4] MassMutual is the Plan Sponsor of the Plans and a party in interest because its employees are covered by the Plans. 29 U.S.C. §1002(16)(B), 1002(14)(C); Doc. 1 ¶34. MassMutual affiliates serve as recordkeeper and investment manager to the Plans. Doc. 1 ¶35. The Plans are also governed by the same two named fiduciaries: the Plan Administrative Committee and the Investment Fiduciary Committee. Doc. 1 ¶¶43–46; 29 U.S.C. §1102(a). The Administrative Committee is responsible for Plan administration, contracting with service providers, and participant communications. Doc. 1 ¶44. The Investment Committee is responsible for Plan investments. *Id*. ¶46. MassMutual's CEO is responsible for appointing MassMutual officers to both committees and setting the terms of the Plans' Group Annuity Contract (GAC). *Id*. ¶¶4, 38, 42–43, 45.

---

[3] The facts asserted in this section are based on allegations set forth in Plaintiffs' complaint and investigation to date. As such, the factual assertions contained in this section are neither stipulated to nor adopted by Defendants.

[4] Defendants include Massachusetts Life Insurance Company ("MassMutual"), Roger Crandall, Stuart H. Reese, Robert O'Connell, the Investment Fiduciary Committee, the Plan Fiduciary Committee, Isadore Jermyn, Michael Fanning, Mary Wilson Kibbe, Debra Palermino, Michael Rollings, Elaine Sarsynski, Richard Goldstein, and Christine Fini.

Plaintiffs allege that Defendants breached their fiduciary duties in three primary respects: (1) causing unreasonable administrative expenses to be charged to the Plans; (2) providing unreasonably priced and poorly performing investment options; and (3) providing a fixed income investment option that was unduly risky and expensive.

MassMutual performed all Plan administrative duties. *Id.* ¶¶8, 52. Plaintiffs contend that Defendants breached fiduciary duties and acted inconsistently with the plan document, which authorized fees to be paid by MassMutual, when it caused the Plans to pay those expenses. *Id.* ¶¶51, 53. These expenses, which were deducted from participant investments in the Plan's Fixed Interest Account (FIA) and Separate Investment Accounts (SIAs), were imposed as a percentage of assets. *Id.* ¶¶113–18. Plaintiffs contend that as Plan assets grew, the asset-based fees paid to MassMutual correspondingly increased, even though the services provided to the Plans remained the same. *Id.* ¶62. Overall, Plaintiffs contend that Defendants failed to monitor and control the asset-based recordkeeping fees paid to MassMutual and ensure that only reasonable fees were charged in light of the services provided to the Plans. *Id.* ¶¶59–63.

Despite reasonably priced and better-performing investment options that were available to the Plans, Plaintiffs contend that Defendants selected proprietary MassMutual SIAs that were unreasonably priced and poor performers. *Id.* ¶¶66–67, 78–81. MassMutual hired "sub-advisers" to provide investment management services to these funds at a lower fee than what MassMutual charged to the Plans.

4

*Id*. ¶68. Plaintiffs contend that MassMutual could have had that sub-adviser manage SIA assets directly at that smaller sub-adviser fee. *Id*. ¶¶75–77. Other, non-proprietary investments in the same investment categories were available to the Plans at much lower fees. *Id*. ¶¶79–81. Plaintiffs also contend that some of the SIAs, for example the Premier Capital Appreciation Fund, the Select Large Cap Value Fund, and the Premier Core Value Equity Fund, failed the Plans' Investment Policy Statement criteria, yet Defendants kept them in the Plans. Doc. 22-14 at 9 (§7.1); Doc. 1 ¶¶97–99.

FIA is an investment in MassMutual's general account. *Id*. ¶¶82–83. Among other allegations, Plaintiffs contend that MassMutual deducts an 85 basis point (0.85%) "risk charge" and a 30–90 bps recordkeeping charge, for a total fee range of 115–175 bps—which Plaintiffs contend exceeds the fees for comparable products. *Id*. ¶88. Plaintiffs further contend that MassMutual retains additional compensation through management of the FIA in the form of "spread", which refers to the difference between what the investments in the general account actually earn and the interest rate credited to the Plans. *Id*. ¶89.

Based on these factual allegations, the complaint asserts seven counts. Count I asserts that Defendants breached 29 U.S.C. §1104(a)(1)(A) and (B) by imposing unreasonable recordkeeping and administrative fees on the Plans. *Id*. ¶¶109–21. Count II asserts that Defendants breached 29 U.S.C. §1104(a)(1)(A) and (B) by providing participants unreasonably priced and poorly performing investment options. *Id*. ¶¶122–31. Counts III and IV assert these actions constitute prohibited

5

transactions under 29 U.S.C. §1106(a)(1)(C)–(D) and 29 U.S.C. §1106(b), respectively. *Id.* ¶¶132–63. Count V asserts that Defendants breached 29 U.S.C. §1104(a)(1)(D) by violating Plan §10.11(a), which obligated MassMutual to pay all Plan expenses. *Id.* ¶¶164–72. Counts I–V seek to hold Defendants jointly and severally liable for restoring to the Plans the losses caused by those breaches and all profits they gained from the misuse of Plan assets and other appropriate equitable relief under 29 U.S.C. §1109(a). Count VI asserts an additional basis of liability against MassMutual, Roger Crandall, Stuart H. Reese, and Robert O'Connell, for breach of their fiduciary duty to properly monitor and replace the fiduciaries over whom they had authority or control and who caused losses to the Plan. *Id.* ¶¶173–80. Alternatively or in addition to the remedies under §§1132(a)(2) and 1109(a), Count VII seeks to enjoin further misconduct and to obtain any "other appropriate equitable relief" under 29 U.S.C. §1132(a)(3). *Id.* ¶¶181–98.

## II. The proposed class definition

Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs move for certification under Rule 23(b)(1) of the following settlement class and appointment of Schlichter, Bogard & Denton, LLP as Class Counsel:

> All current and former participants and beneficiaries of the MassMutual Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan who carried a positive balance in either of the Plans between November 5, 2007 and March 31, 2016. Excluded from the Class are Defendants and present and former members of the Investment Fiduciary Committee and Plan Administrative Committee during the Class Period.

6

The class period commences on November 5, 2007, which is six years prior to the date of filing of Plaintiffs' complaint. Doc. 1; 29 U.S.C. §1113(1). The class period ends on the date through which Plaintiffs were able to calculate the Plans' losses.

In order to obtain class certification, even for a settlement class, Plaintiffs must satisfy the elements of Rule 23(a) and one of the elements of Rule 23(b) must be met. Fed.R.Civ.P. 23(a)–(b); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997)("Federal courts, in any case, lack authority to substitute for Rule 23's certification criteria a standard never adopted–that if a settlement is 'fair,' then certification is proper."); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345–46 (2011). Nevertheless, when certifying a settlement class, the court need not determine whether the action would be manageable if tried, "for the proposal is that there be no trial." *Amchem,* 521 U.S. at 620. As demonstrated below, Plaintiffs satisfy all of the prerequisites of Rule 23(a) and also satisfy the requirements of Rule 23(b)(1).

### III.   Plaintiffs satisfy the prerequisites of Rule 23(a).

Rule 23(a) provides four prerequisites to class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

7

Fed.R.Civ.P. 23(a).

Plaintiffs satisfy each prerequisite for the following reasons.

### (1) Numerosity

Plaintiffs' proposed settlement class satisfies the numerosity requirement under Fed.R.Civ.P. 23(a)(1) because joinder of all class members is impracticable. Given that the MassMutual Thrift Plan alone has over 14,000 participants, the numerosity requirement is easily satisfied. Doc. 1 ¶¶28, 107(A); *Gordon v. Johnson*, 300 F.R.D. 31, 35 (D. Mass. 2014)(Ponsor, J.)("Although no specific, numerical threshold exists, a class of forty or more is generally sufficient in the First Circuit."); *Hochstadt v. Boston Sci. Corp.*, 708 F. Supp.2d 95, 102 (D. Mass. 2010)(Woodlock, J.)(class of approximately 12,000 employees satisfied numerosity).

### (2) Commonality

The commonality requirement is met when there is at least "a single common question" to the class. *Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass. 2014)(Ponsor, J.)(quoting *Dukes,* 564 U.S. at 359). It is "not a difficult one to meet". *Hochstadt,* 708 F.Supp.2d at 102 (citation omitted). Due to the nature of ERISA fiduciary breach claims, "commonality is quite likely to be satisfied." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 n.11 (3d Cir. 2009). Plaintiffs have identified common questions of law and fact that can or would be resolved as to the Plans, not as to any individual participant. Doc. 1 ¶107(B).

### (3) Typicality

Rule 23(a)(3) requires the claims of the class representatives to be typical of the claims of the class. "The representative plaintiff satisfies the typicality requirement when its injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *In re Credit Suisse-AOL Secs. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008)(Gertner, J.)(citation omitted). Typicality does not require "identical claims". *In re Neurontin Mktg. & Sale Practices Litig.,* 244 F.R.D. 89, 106 (D. Mass. 2007)(citation omitted). In this case, Defendants had a fiduciary duty to ensure that the expenses of administering the Plans were reasonable and exercise prudence when selecting and retaining Plan investment options. 29 U.S.C. §1104(a)(1)(A)–(B). Thus, no one group of participants in the Plans will gain at the expense of another and each participant has an equal interest in recovering his pro rata share of the Plans' losses.

Plaintiffs have alleged that the Defendants caused or allowed excessive fees to be charged to the *Plans*—a course of action which Plaintiffs maintain necessarily affected all of the participants and beneficiaries with retirement savings in the Plans. Plaintiffs are challenging actions committed not only against them as participants, but against every participant and the Plans. Although participants' losses may differ in certain technical respects, such distinctions should not prevent a finding of typicality with respect to the proposed settlement class. See *Garcia v. E.J. Amusements of N.H., Inc.*, 98 F. Supp.3d 277, 288 (D. Mass. 2015)(Saris,

J.)("minor differences are not sufficient to defeat typicality"); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)("typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members").

### (4)  Adequacy of Representation

Rule 23(a)(4) requires the Court to determine that the Plaintiffs and their attorneys will adequately represent the class. Fed.R.Civ.P. 23(a)(4). "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Plaintiffs and their attorneys satisfy both elements.

### a.  Plaintiffs are adequate class representatives.

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625. The interests of the Named Plaintiffs are not antagonistic to any class member. Since the damages and remedies alleged in this case all go to the Plans, to then be credited later to the accounts of individual participants, the Named Plaintiff class representatives have the same interest as any of the other proposed settlement-class members. That is, recovering their proportionate share of the Plans' losses. Accordingly, no conflict exists between the class representatives and the absent class members.

An adequate class representative need only have a basic understanding of the claims and a willingness to participate in the case. *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966); *George v. Kraft Foods Global, Inc.*, 270 F.R.D. 355, 369 (N.D. Ill. 2010). The class representatives here more than meet this minimum standard. Plaintiffs understand that they are attempting to recover the losses caused by Defendants' unlawful, systematic management of the Plans. See Declaration of Dennis Gordan ¶5 (Gordan Decl.); Declaration of John Hine ¶5 (Hine Decl.); Declaration of Donna Flieger ¶5 (Flieger Decl.); Declaration of Patricia Hurley ¶5 (Hurley Decl.); Declaration of Ronald Lindner ¶5 (Lindner Decl.); Declaration of Janice Reynolds ¶5 (Reynolds Decl.); Declaration of Sharon Jewell ¶5 (Jewell Decl.).

All of the Plaintiffs understand their duties as class representatives, have provided information necessary for the prosecution of this case, and indicated their intent to vigorously prosecute this action. Gordan Decl. ¶¶3–4; Hine Decl. ¶¶3–4; Flieger Decl. ¶¶3–4; Hurley Decl. ¶¶3–4; Lindner Decl. ¶¶3–4; Reynolds Decl. ¶¶3–4; Jewell Decl. ¶¶3–4.

All of the Plaintiffs understand their responsibilities to represent all class members, are willing to serve as a class representative, and participate in the vigorous prosecution of this lawsuit. Gordan Decl. ¶5; Hine Decl. ¶5; Flieger Decl. ¶5; Hurley Decl. ¶5; Lindner Decl. ¶5; Reynolds Decl. ¶5; Jewell Decl. ¶5.

### b. Plaintiffs' attorneys are competent and qualified to represent all class members.

Plaintiffs' counsel is competent and qualified to represent the class. Plaintiffs' attorneys have been approved to represent similar classes in cases involving breach of ERISA's fiduciary duties in the operation of large 401(k) plans. E.g., *Kruger v. Novant Health, Inc.*, No. 14-208, Doc. 53 at 5 (M.D. N.C. May 17, 2016); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 574 (D. Minn. 2014); *Nolte v. CIGNA Corp.*, No. 07-2046, 2013 U.S.Dist.LEXIS 101165 at 6 (C.D. Ill. July 3, 2013); *George v. Kraft Foods Global Inc.*, 251 F.R.D. 338, 351 (N.D. Ill. 2008); *Martin v. Caterpillar, Inc.*, No. 07-1009, Doc. 173 at 4 (C.D. Ill. Apr. 21, 2010); *Abbott v. Lockheed Martin Corp.*, 286 F.R.D. 388, 397 (S.D. Ill. 2012); *Beesley v. Int'l Paper Co.*, No. 06-703, Doc. 240 at 17 (S.D. Ill. Sep. 30, 2008), *vacated on other grounds*, 633 F.3d 574 (2011); *Spano v. Boeing Co.*, 294 F.R.D. 114 (S.D. Ill. 2014); *Loomis v. Exelon Corp.*, No. 06-4900, 2007 U.S.Dist.LEXIS 46893 at 11 (N.D. Ill. June 26, 2007); *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-06213, 2011 U.S.Dist.LEXIS 94451 at 71 (C.D. Cal. Mar. 29, 2011); *Tibble v. Edison Int'l*, No. 07-5359, 2009 U.S.Dist.LEXIS 120939 at 29 (C.D. Cal. June 30, 2009); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008); *Taylor v. United Techs. Corp.*, No. 06-1494, 2008 U.S.Dist.LEXIS 43655 at 15 (D. Conn. June 3, 2008); *Tussey v. ABB, Inc.*, No. 06-4305, 2007 U.S.Dist.LEXIS 88668 at 25 (W.D. Mo. Dec. 3, 2007); *Will v. General Dynamics,* No. 06-698, 2010 U.S.Dist.LEXIS 95630 at 6 (S.D. Ill. Aug. 9, 2010); see also Declaration of Jerome J. Schlichter.

The Honorable Joe Billy McDade, District Court Judge for the Central District of Illinois, stated the following about Plaintiffs' attorneys in *Martin*:

> Class Counsel went toe-to-toe with one of the largest companies in the world, and its formidable counsel, because Class Counsel was of sufficient size, had the expertise, and had the finances to risk the expense of lengthy litigation involving hundreds of hours of uncompensated legal work and substantial out-of-pocket costs for experts and other litigation expenses.

*Martin v. Caterpillar Inc.,* No. 07-1009, 2010 U.S.Dist.LEXIS 145111 at 7–8 (C.D. Ill. Sep. 9, 2010). The Honorable G. Patrick Murphy, District Court Judge of the Southern District of Illinois, also noted:

> Jerome Schlichter, and Schlichter, Bogard & Denton's work throughout this litigation illustrates an exceptional example of a private attorney general risking large sums of money and investing many thousands of hours for the benefit of employees and retirees. No case had previously been brought by either the Department of Labor or private attorneys against large employers for excessive fees in a 401(k) plan. Class Counsel performed substantial work for more than a year, investigating the facts, examining documents, and consulting and paying experts to determine whether it was viable. This case has been pending since September 11, 2006. Litigating the case required Class Counsel to be of the highest caliber and committed to the interests of the participants and beneficiaries of the General Dynamics 401(k) Plans.

*Will v. General Dynamics,* No. 06-698, 2010 U.S.Dist.LEXIS 123349 at 8–9 (S.D. Ill. Nov. 22, 2010).

The Honorable Nanette Laughrey, District Court Judge for the Western District of Missouri, emphasized the significant contribution that Plaintiffs' attorneys have made to ERISA litigation, including educating the Department of Labor and federal courts about the importance of monitoring fees in retirement plans.

Of special importance is the significant, national contribution made by

> the Plaintiffs whose litigation clarified ERISA standards in the context of investment fees. The litigation educated plan administrators, the Department of Labor, the courts and retirement plan participants about the importance of monitoring recordkeeping fees and separating a fiduciary's corporate interest from its fiduciary obligations.

*Tussey v. ABB, Inc.,* No. 06-4305, 2015 U.S.Dist.LEXIS 164818 at 7–8 (W.D. Mo. Dec. 9, 2015).

Other courts have made similar findings. *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 U.S.Dist.LEXIS 93206 at 4–5 (S.D. Ill. July 17, 2015)("the firm of Schlichter, Bogard & Denton ha[s] demonstrated its well-earned reputation as a pioneer and the leader in the field"); *George v. Kraft Foods Global, Inc.*, No. 08-3799, 2012 U.S.Dist.LEXIS 166816 at 8 (N.D. Ill. June 26, 2012)("It is clear to the Court that the firm of Schlichter, Bogard & Denton is preeminent in the field" "and is the only firm which has invested such massive resources in this area."); *Nolte v. Cigna Corp.*, No. 07-2046, 2013 U.S.Dist.LEXIS 184622 at 8 (C.D. Ill. Oct. 15, 2013)("As the preeminent firm in 401(k) fee litigation, Schlichter, Bogard & Denton has achieved unparalleled results on behalf of its clients."); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 U.S.Dist.LEXIS 12037 at 8 (S.D.Ill. Jan. 31, 2014)("Litigating this case against formidable defendants and their sophisticated attorneys required Class Counsel to demonstrate extraordinary skill and determination.").

Firm principal, Jerome J. Schlichter, has been appointed lead or co-lead counsel in multiple successful complex class actions, including *Mister v. Illinois Central Gulf Railroad*, No. 81-3006 (S.D. Ill.) and *Wilfong v. Rent-A-Center*, No. 00-680 (S.D. Ill.). Then Chief Judge James Foreman in *Mister* praised Mr. Schlichter's efforts:

"This Court is unaware of any comparable achievement of public good by a private lawyer in the face of such obstacles and enormous demand of resources and finance." *Mister*, Doc. 1067 at 21 (S.D. Ill. Aug. 5, 1993). The Honorable Chief Judge David Herndon in *Wilfong* confirmed *Mister*'s appraisal: "Class Counsel are of the highest experience, reputation, and ability." *Wilfong v. Rent-A-Center,* No. 00-680, 2002 U.S.Dist.LEXIS 28016 at 24 (S.D. Ill. Oct. 4, 2002).

Other attorneys have noted the significance and importance of the work Plaintiffs' attorneys have performed in this area of ERISA law. Jay Sushelsky, Senior Attorney for the AARP Foundation, declared "Schlichter, Bogard & Denton is at the forefront of 401(k) excessive fee litigation, from when its attorneys filed the first excessive fee case in the country, including this case in Fall of 2006." *Kanawi v. Bechtel Corp.*, No. 06-5566, Doc. 805-7 at 4 (N.D.Cal. Dec. 20, 2010). "It can be fairly said that the firm's work has literally moved the entire investment marketplace." *Id.* at 5. Thomas R. Theado, a national ERISA attorney and Partner at Gary, Naegele & Theado, LLC, declared:

> To my knowledge, no one (including the Department of Labor) had brought suit on fiduciary-based excessive-fee claims against the plans of large employers prior to Mr. Schlichter. Mr. Schlichter's efforts have benefitted not only the thousands of participants in the Bechtel plans, but plan participants across the United States as well as the entire ERISA bar as his cases have been instrumental in shaping the emerging case law pertaining to claims premised on averments of faultful revenue-sharing arrangements in 401(k) retirement plans. As such, Mr. Schlichter's firm has been seen as a pioneer in the field, serving a public good as a 'private attorney general.'

*Kanawi*, Doc. 805-8 at 8 (N.D.Cal. Dec. 20, 2010).

This vast record demonstrates that Plaintiffs' attorneys are extremely adequate legal representatives of the class.

### IV. Plaintiffs meet the requirements of Rule 23(b)(1).

Plaintiffs maintain that the proposed settlement class should be certified under Rule 23(b)(1). That Rule provides for certification where:

> the prosecution of separate actions by … individual members of the class would create a risk of (A) inconsistent or varying adjudications … which would establish incompatible standards for the party opposing the class, or (B) adjudications with respect to the individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications.

Fed.R.Civ.P. 23(b)(1)(A), (B). Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members." *In re IKON Office Solutions*, 191 F.R.D. 457, 466 (E.D. Pa. 2000). In both instances, the court is concerned with the problems that would be caused if each potential class member were free to pursue his or her own lawsuit.

The Rule 23 Advisory Committee noted that "an action which charges a breach of trust … by [a] … fiduciary similarly affecting the members of a large class of … beneficiaries" calls for certification under this section. See also *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999) (citing same). Further, due to the "derivative nature" of claims brought under ERISA §502(a)(2) [29 U.S.C. §1132(a)(2)], "breach of fiduciary duty claims brought under §502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class[.]" *Schering,* 589 F.3d at 604 (citing cases); *Taylor v. United Techs. Corp.*, No. 06-1494, 2008 U.S.Dist.LEXIS 43655 at 16 (D. Conn. June 3, 2008)("ERISA actions alleging breach of fiduciary

duty affecting a large class of beneficiaries 'presents a paradigmatic example' for application of Rule 23(b)(1)."); *Kolar v. Rite Aid Corp.*, No. 01-1229, 2003 U.S.Dist.LEXIS 3646 at 9 (E.D. Pa. Mar. 11, 2003)("a b(1) class is a perfect vehicle for resolving complex ERISA issues").

This Court has granted class certification under Rule 23(b)(1) in actions brought under 29 U.S.C. §1132(a)(2). See, e.g., *Hochstadt,* 708 F. Supp.2d at 105–06 (Rule 23(b)(1) was "clearly satisfied" given that the "ERISA §502(a)(2) claim brought on behalf of the Plan and alleging breaches of fiduciary duty on the part of Defendants that will, if true, be the same with respect to every class member"); *Weeks v. JetDirect Aviation, Inc.*, No. 09-10527, 2010 U.S.Dist.LEXIS 111037 at 16 (D. Mass. Oct. 19, 2010)(Stearns, J.)(certified settlement class under Rule 23(b)(1)); see also *In re Textron Erisa Litig., Inc. ERISA Litig.*, No. 09-383, 2014 U.S.Dist.LEXIS 33384 at 4–5 (D.R.I. Feb. 10, 2014); *In re Tyco Int'l, Ltd. Multidistrict Litig.,* No. 02-1357, 2006 U.S.Dist.LEXIS 58278 at (D. N.H. Aug. 15, 2006).

Similarly, ERISA breach of fiduciary duty actions filed by 401(k) plan participants are certified under Rule 23(b)(1). E.g., *Kruger*, Doc. 53 at 5; *Krueger,* 304 F.R.D. at 577–78; *George,* 2012 U.S.Dist.LEXIS 26536 at 3–7; *Nolte,* Doc. 403 at 2–3; *Martin v. Caterpillar*, No. 06-698, 2010 U.S.Dist.LEXIS 82350 at 2–3 (C.D. Ill. Aug. 12, 2010); *Will v. General Dynamics Corp.*, No. 06-698, Doc. 243 (S.D. Ill. Aug. 9, 2010); *Taylor,* 2008 U.S.Dist.LEXIS 43655 at 16; *Kanawi,* 254 F.R.D. at 111–12; *Tussey,* 2007 U.S.Dist.LEXIS 88668 at 26; *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 67 (M.D. N.C. 2008); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 77–78

(S.D. N.Y. 2006); *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 80 (E.D. Va. 2006); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 U.S.Dist.LEXIS 19786 at 8 (S.D. N.Y. Oct. 4, 2004); *Banyai v. Mazur,* 205 F.R.D. 160, 165 (S.D. N.Y. 2002); *IKON*, 191 F.R.D. at 466.

This action is no exception. Plaintiffs, and the members of the Class they seek to represent, claim that the Defendants breached their ERISA-mandated fiduciary duties owed to the Plans. They are bringing suit in a representative capacity to recover the Plans' losses arising out of the breaches.

Plaintiffs further contend that the proposed settlement class can be certified under Rule 23(b)(1)(A) or (B) because "inconsistent or varying adjudications with respect to individual class members…would establish incompatible standards of conduct for the party opposing the class" or "adjudications with respect to individual class members…would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(A)–(B). The risk of establishing inconsistent standards is particularly strong where, as here, the central element of the prudence claims is not individualized: the fiduciary duties are owed to, and carried out for, the Plans. Thus, a court adjudicating a suit by an individual plaintiff would determine the issues of the existence of the fiduciary duty and its breach not in relation to the individual plaintiff, but in relation to the entire plan since the fiduciaries' actions are taken as to the plan as a whole. As the Supreme Court stated: "Section 502(a)(2) provides for suits to enforce the liability-

18

creating provisions of §409, concerning breaches of fiduciary duties that harm plans." *LaRue v. DeWolff, Bogerg & Assoc., Inc.,* 552 U.S. 248, 251, 128 S.Ct. 1020, 1023 (2008)(emphasis added). Plaintiffs contend that this produces not only a significant risk, but a near certainty that separate actions would establish differing standards for the duty under ERISA owed by the fiduciaries to the Plans. The tremendous number of Plan participants only enhances the likelihood of separate actions producing inconsistent and incompatible results.

## V. Conclusion

For these reasons, the Plaintiffs' Motion for Certification of Settlement Class, and Motion for Appointment of Schlichter, Bogard & Denton, LLP as Class Counsel pursuant to Rule 23(g), which is unopposed by Defendants, should be granted and the Settlement Class defined in the Motion should be certified pursuant to Rule 23(b)(1).

Dated: June 15, 2016                    Respectfully submitted,

/s/ Jerome J. Schlichter
SCHLICHTER, BOGARD & DENTON LLP
Jerome J. Schlichter (admitted *pro hac vice*)
Troy A. Doles (admitted *pro hac vice*)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
tdoles@uselaws.com

Lead Counsel for Plaintiffs

          Stephen Churchill, BBO#564158
          Hillary Schwab, BBO#666029
          FAIR WORK, P.C.
          192 South Street, Suite 450
          Boston, MA 02111
          Phone: (617) 607-3260
          Fax: (617) 488-2261
          steve@fairworklaw.com
          hillary@fairworklaw.com

          Local Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on June 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of this filing to all counsel of record.

          /s/Jerome J. Schlichter