UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS GORDAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE CO., et al.,<br><br>    Defendants. | Case No. 13-CV-30184-MAP |

**JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

The Parties respectfully file this Motion under Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of a class settlement.

1.  This litigation, which was commenced on November 5, 2013, alleges, among other things, that the defendants breached their duties under the Employee Retirement Income Security Act of 1974 (ERISA) by (1) causing unreasonable administrative expenses to be charged to the Plans; (2) providing unreasonably priced and poor-performing investment options; and (3) providing a fixed income investment option that was unduly risky and expensive in connection with the MassMutual Thrift Plan.

2.  On June 15, 2016, after months of arm's-length negotiations, the Parties entered into a Settlement Agreement relating to claims involving the Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan

1

(herein collectively referred to as the "Plans").[1] The Parties now respectfully request that the Court grant preliminary approval of the Settlement Agreement.

    3.    The Settlement includes the following class members:

> All current and former participants and beneficiaries of the MassMutual Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan who carried a positive balance in either of the Plans between November 5, 2007 and March 31, 2016. Excluded from the Class are Defendants and present and former members of the Investment Fiduciary Committee and Plan Administrative Committee during the Class Period.

    4.    The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case. Preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives' and Class Members' claims, Defendants have agreed to pay a sum of $30,900,000 into a Gross Settlement Fund. The Parties have further agreed to certain non-monetary terms and affirmative relief, as specified in the Settlement Agreement.

    5.    The first step in approving any proposed settlement in a class action is a preliminary review by this Court. *Hochstadt v. Boston Sci. Corp.,* 708 F. Supp. 2d 95, 97 FN1 (D. Mass. 2010). The purpose of preliminary approval is to determine whether the proposed settlement is "within the range of possible approval."

---

[1] As set forth in the settlement agreement, the parties conducted discovery, negotiated and resolved claims related to both Plans. The Plans are both sponsored by Massachusetts Mutual Life Insurance Company and administered by the same fiduciary defendants.

*Gautreaux v. Pierce,* 690 F.2d 616, 621 n.3 (7th Cir. 1982). The preliminary approval hearing is not a fairness hearing. *Id*.

6. The Settlement reached between the Parties here more than satisfies this standard and is clearly "within the range of possible approval" by the Court given the significant nature of the case and the result reached by the Parties. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

7. Plaintiffs also submit to the Court a Memorandum in Support of this Joint Motion for Preliminary Approval, as well the Declaration of Class Counsel.

WHEREFORE, the Parties request the following:

- That the Court hold a preliminary approval hearing to review the Settlement Agreement and to receive argument from counsel, if necessary, regarding the adequacy of the Settlement;

- That following the preliminary approval hearing, the Court enter an Order granting its preliminary approval of the Settlement Agreement;

- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court and as described in the Settlement, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the Parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement; and

- That following the Fairness Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Complaint in this action with prejudice.

Dated: June 15, 2016                                Respectfully submitted,

/s/ Jerome J. Schlichter                            /s/ James O. Fleckner
Jerome J. Schlichter (admitted *pro hac vice*)      James O. Fleckner (BBO #641494)
Schlichter Bogard & Denton LLP                      Goodwin Procter LLP
100 South Forth Street, Suite 1200                  53 State Street
St. Louis, MO, 63102                                Boston, MA 02109
(314) 621-6115                                      (617) 570-1000
(314) 621-5934 (fax)                                (617) 523-1231 (fax)
jschlichter@uselaws.com                             jfleckner@goodwinprocter.com

Lead Counsel for Plaintiffs                         Counsel for Defendants

Stephen Churchill, BBO#564158
Hillary Schwab, BBO#666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Phone: (617) 607-3260
Fax: (617) 488-2261
steve@fairworklaw.com
hillary@fairworklaw.com

  Local Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2016.

            /s/ Jerome J. Schlichter
            Jerome J. Schlichter