UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS GORDAN, et al.,

    Plaintiffs,

v.

Case No. 13-CV-30184-MAP

MASSACHUSETTS MUTUAL LIFE
INSURANCE CO., et al.,

    Defendants.

## FINDINGS AND ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES

1. This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., with respect with respect the MassMutual Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan (collectively the "Plans").

2. Presently before the Court is Plaintiffs' Unopposed Motion for Certification of Settlement Class and Motion for Appointment of Schlichter, Bogard & Denton as Class Counsel (the "Unopposed Motion").

3. It is hereby ORDERED, ADJUDGED AND DECREED as follows:

Solely for the purposes of proposed settlement in this matter, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class", defined as follows:

> All current and former participants and beneficiaries of the MassMutual Thrift Plan and the Massachusetts Mutual Life Insurance Company Agent Pension Plan who carried a positive balance in either of the Plans between November 5, 2007 and March 31, 2016. Excluded from the Class are Defendants and present and former members of the Investment Fiduciary Committee and Plan Administrative Committee during the Class Period.

in that:

A. All findings are based on the submissions to the Court, including the Settlement Agreement. These findings are not based upon any admissions, representations, assertions, or arguments by the Defendants that a class can, should, or would be certified in the Action. These findings and the resulting preliminary certification order shall be vacated *nunc pro tunc* in the event the Settlement does not become Final or is terminated pursuant to the Settlement Agreement, with both parties preserving their rights to argue for or against class certification as though the Unopposed Motion and this Order were never filed.

B. The Court preliminarily finds that, as required by Rule 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

C. The Court preliminarily finds that, as required by Rule 23(a)(2), there are one or more questions of fact and/or law common to the Settlement class.

D.  The Court preliminarily finds that, as required by Rule 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class.

E.  The Court preliminarily finds, as required by Rule 23(a)(4), that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class, and (iii) the Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

F.  The Court preliminarily finds that, as required by Rule 23(b)(1), the prosecution of the separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action, or adjudications as to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair of impede those persons' ability to protect their interests.

H. The Court preliminarily finds that, as required by Rule 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Counsel have done extensive work identifying or investigating potential claims in the action, and have litigated the validity of those claims at the motion to dismiss stage of this case; Class Counsel are experienced in handling class actions and claims of the type asserted in the Action; Class Counsel are knowledgeable of the applicable law; and Class Counsel have committed the necessary resources to represent the Settlement Class.

2. Class Certification – Based solely on the findings set forth above, and not on any admissions, representations, assertions, or arguments by the Defendants, the Court preliminarily certifies the Settlement Class for settlement purposes under Fed.R.Civ.P. 23(b)(1) and 23(e) in this litigation. The Court appoints Named Plaintiffs as the class representatives for the Settlement Class, and Class Counsel as counsel for the Settlement Class.

So Ordered this 22nd day of June, 2016.

/s/ Michael A. Ponsor
HON. MICHAEL A. PONSOR
UNITED STATES DISTRICT JUDGE