## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

DENNIS GORDAN, et al.,

    Plaintiffs,

v.

    Case No. 13-CV-30184-MAP

MASSACHUSETTS MUTUAL LIFE
INSURANCE CO., et al.,

    Defendants.

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

Wherefore, this 3rd day of November, 2016, upon consideration of the

Settling Parties' joint motion for final approval of the settlement pursuant to the

terms of a the settlement agreement dated June 15, 2016, (herein the "Settlement"

or "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval order and Judgment, except as otherwise

defined herein, all capitalized terms used herein shall have the same meaning as

are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all

parties to the action, including all members of the Settlement Class.

3. Pursuant to Fed.R.Civ.P. 23(e)(1)(A) and (C), the Court hereby approves and

confirms the Settlement embodied in the Settlement Agreement as being a fair,

reasonable, and adequate settlement and compromise of the claims asserted in the

Class Action and those claims subject to the Settlement.

4. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

5. In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

6. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

7. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, have been met.

8. As mentioned above, the Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

a. The Settlement was negotiated vigorously and at arm's-length by experienced Class Counsel on behalf of the Settlement Class seeking plan-wide relief for the Plans, as defined in the Settlement, pursuant to ERISA §§409 and 502(a)(2);

b. This Class Action settled after Class Counsel and Defense Counsel engaged in extensive settlement negotiations, with the assistance of an experienced mediator, over the course of several months. The Settlement Parties were well positioned to evaluate the value of the Class Action;

c. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

d. The amount of the Settlement − $30,900,000 − is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case;

e. At all times, the Class Representatives have acted independently;

f. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

g. Each and every Objection to the settlement is overruled with prejudice.

9. The motion for final approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable

and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

10. The operative complaint and all claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement.

11. The Plans and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) hereby fully, finally and forever settle, release, relinquish, waive and discharge Defendants and Released Parties from the Released Claims, as defined and described in the Settlement Agreement, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. The Class Members and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding, Department of Labor proceeding or proceeding

before a state insurance department or commissioner) any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement pursuant to the procedures set forth in the Settlement Agreement.

13. Class Counsel, the Class Members, or the Plans may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, the Plans and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plans hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims.

14. The Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which

are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

15. The Court finds that it has subject matter jurisdiction over the claims that are the subject to the Settlement herein and has personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval order and/or the Settlement Agreement. Any motion to enforce the provisions of this Final Approval order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

16. Each Class Member shall hold harmless Defendants, Defense Counsel, the Released Parties, and the Plans for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant;

18. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

19. With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Fiduciary pursuant to the applicable law and governing Plan terms;

20. At a reasonable date following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment;

21. Upon entry of this Final Approval order, all Class Members and the Plans shall be bound by the Settlement Agreement as amended and by this Final Approval order.

SO ORDERED:

DATED: *November 3*, 2016

Hon. Michael A. Ponsor
United States District Court Judge